UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-39-HAB |
| ) | (1:23-CV-60) |
| WILLIAM WASHINGTON ) | |

**OPINION AND ORDER**

Over the course of two days, Defendant William Washington ("Washington") served as a lookout and getaway driver for his co-defendant, Brendan Collicott ("Collicott"). Working together, the pair robbed four gas stations in Fort Wayne, Indiana. In each robbery, Collicott brandished a firearm and, in three of the robberies, he took cash from the register. In one robbery, the store employee fled and Collicott stole two lighters.

In the aftermath of the robberies, the Government charged Collicott with four counts of Hobbs Act robbery, 18 U.S.C. §1951 (Counts 1s, 3s, 5s, 7s), and four counts of knowingly brandishing a firearm in connection with those robberies, 18 U.S.C. §924 (c) (Counts 2s, 4s, 6s, and 8s.). (Superseding Indictment, ECF No. 65). Washington fared slightly better; he was indicted for aiding and abetting two of the Hobbs Act robberies (Counts 3s and 7s) and two §924(c) charges (4s and 8s). Pursuant to a written plea agreement (ECF No. 172), Washington pled guilty to both robberies and one §924(c) count, (ECF No. 177), in exchange for the dismissal of the second §924(c) count 4s. The Court sentenced him to 154 months' imprisonment, consisting of 70 months imprisonment on counts 3s and 7s to run concurrent with each other and an 84-month consecutive sentence on the §924(c) count 8s. Washington now asks the Court to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 242). The parties have briefed the motion (ECF Nos. 242, 255) and it is ripe for consideration.

I. Background

Mentioned above, Washington pleaded guilty to three counts of the superseding indictment which included two counts of aiding and abetting Hobbs Act robbery and one count of using, carrying, or brandishing a firearm in relation to a crime of violence or drug trafficking crime. His plea was memorialized in an agreement that also contained a broad appeal waiver. Washington waived his "right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." (ECF No. 172, ¶8(h)). At the change of plea hearing, the undersigned conducted the plea colloquy, and found that a sufficient factual basis existed for each offense. After Washington confirmed under oath that he understood the charges, the penalties, and the rights he was waiving, and affirmed that his plea was voluntary, not the product of coercion or given in exchange for a promise, the court accepted Washington's guilty pleas on each of the three counts. (ECF No. 177).

Washington now asserts a single reason why he believes the Court should vacate his sentence. Washington asserts that his §924(c) conviction in Count 8 was improperly predicated on attempted Hobbs Act robbery as a crime of violence. He asserts that for this reason counsel was ineffective in advising him to enter into the plea agreement as to Count 8. Because the Court finds that Washington's appeal waiver forecloses any substantive challenge to his sentence and his ineffective assistance of counsel argument lacks merit, his §2255 petition will be DENIED.

II. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id*. As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Additionally, aside from showing "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after proving that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). This general rule does not apply to claims of ineffective assistance of counsel, which may be brought via § 2255 even if not pursued during a direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

### III. Appeal Waiver

Washington's plea contained an appeal waiver, and waived relief under § 2255 on any ground other than ineffective assistance of counsel ("IAC"). Waivers of direct and collateral review in plea agreements are generally enforceable. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999). Nevertheless, because a plea agreement is a contract and generally governed by ordinary contract law principles, waivers contained in the agreements are unenforceable in some cases akin to those in which a contract would be unenforceable, such as when the government has materially breached the agreement, *see United States v. Quintero*, 618 F.3d 746, 750–52 (7th Cir. 2010), or the dispute falls outside the scope of the waiver, *Bridgeman v. U.S.*, 229 F.3d 589, 591 (7th Cir. 2000).

Though disputes over plea agreements are "usefully viewed through the lens of contract law," the Seventh Circuit has recognized that the application of ordinary contract law principles to plea agreements, "must be tempered by recognition of limits that the Constitution places on the criminal process, limits that have no direct counterparts in the sphere of private contracting." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). For example, "while a contracting party is bound by the mistakes of his lawyer, however egregious (his only remedy being a suit for malpractice), the Constitution entitles defendants entering plea agreements to effective assistance of counsel." *Id*. at 637. Courts therefore repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement. *United States v. Jemison*, 237 F.3d 911, 916 n. 8 (7th Cir. 2001); *United States v. Hodges*, 259 F.3d 655, 659 n. 3 (7th Cir. 2001); *Bridgeman*, 229 F.3d at 591.

Turning to Defendant's waiver, his plea waived both his right to a direct appeal and his right to collaterally attack his sentence on any grounds other than IAC. The Court does not read Washington's petition to include a substantive challenge to his conviction or sentence and thus,

4

the Court focuses on what it views as Washington's sole argument, that he received ineffective assistance of counsel claim as it relates to the substance of the plea agreement. *See Hurlow v. United States*, 726 F.3d 958, 964–66 (7th Cir. 2013) ("A direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel; [defendant] need not have alleged that his counsel was ineffective in the negotiation of the waiver provision of his plea agreement specifically.").

## IV. IAC

To make out a successful IAC claim, Defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). The first prong is known as the "performance" prong, and the second is known as the "prejudice" prong.

When examining the performance prong, the Court applies "a strong presumption that decisions by counsel fall within a wide range of reasonable trial strategies." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotation marks omitted). The petitioner "must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). To satisfy the prejudice prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; see also *Gentry v. Sevier*, 597 F.3d 838, 851 (7th Cir. 2010). A reasonable probability is a "probability sufficient to undermine

confidence in the outcome." *Strickland*, 466 U.S. at 694. Failure to prove either prong is fatal to a claim of ineffective assistance. *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir. 1991).

Washington asserts that his guilty plea was not knowing and voluntary because he received ineffective assistance of counsel in connection with the plea decision and that but for his attorney's errors, he would not have accepted the plea agreement and would not have pleaded guilty. Washington's claim is grounded in his erroneous belief that his conviction on Count 8s was impermissibly based on an attempted Hobbs Act robbery. *See United States v. Taylor*, 596 U.S. 845 (2022). He argues that his counsel did not advise him of any potential argument that attempted Hobbs Act robbery did not qualify as a predicate crime of violence to support the §924(c) conviction. Had he known that information, Washington states that he would not have pleaded guilty to the §924(c) count.

Reviewing the record, the Court can find neither performance deficiencies by counsel nor prejudice to Washington relating to the plea agreement given the facts here. Washington is correct that in *Taylor,* decided months after Washington pleaded guilty, the Supreme Court held that attempted Hobbs Act robbery is not a "crime of violence" under § 924(c)(3)(A) because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Taylor,* 596 U.S. at 852. But Washington was not charged with, nor did he plead guilty to, *attempted* Hobbs Act robberies. The "crimes of violence" (Counts 3s and 7s) for which Washington is alleged to have violated § 924(c) in Count 8s were not attempted Hobbs Act robbery, but rather *aiding and abetting* Hobbs Act robbery. Even if counsel knew about *Taylor*[1] and correctly predicted its outcome, on its face *Taylor* had no application to aiding and

---

[1] Even if Washington had been charged with attempted Hobbs Act robberies, at the time of his guilty plea, *Taylor* had not been decided by or even argued to the Supreme Court. Cert was granted from the Fourth Circuit's decision on July 2, 2021. Argument was held on December 7, 2021, and it was decided on June 21, 2022. Washington pled guilty on September 28, 2021, and was sentenced on February 20, 2022.

6

abetting Hobbs Act robbery. Moreover, even if Washington had been charged with attempted Hobbs Act robberies, the controlling Seventh Circuit precedent before *Taylor* was *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir. 2020), which held that attempted Hobbs Act robbery could be a predicate offense for a §924(c) offense.

Simply put, counsel had no reason or obligation to discuss *Taylor* with Washington when the facts in *Taylor* didn't align with the facts and charges in Washington's case. Even accepting as true Washington's statements that counsel failed to discuss *Taylor's* potential impact with him, it is untenable for the Court to hold that counsel performed outside professional norms or that this failure prejudiced Washington. Defense counsel is generally not deficient for failing to predict a change in the law. *Valenzuela v. United States,* 261 F.3d 694, 700 (7th Cir. 2001) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law."). And here, existing binding circuit precedent supported the conclusion that the Hobbs Act robberies could be used to undergird the §924(c) count. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (Hobbs Act robbery); *United States v. Brown*, 973 F.3d 667 (7th Cir. 2020) (pre-*Taylor* aiding and abetting the commission of a Hobbs Act robbery qualifies as a crime of violence).

And if all that alone isn't enough to deny Washington's motion, in the post-*Taylor* world*,* the Seventh Circuit considered whether aiding and abetting Hobbs Act robbery counts as a "crime of violence" sufficient to brace up a § 924(c) charge and it has concluded that it does. *United States v. Worthen*, 60 F.4th 1066, 1068–70 (7th Cir. 2023). Washington's argument then, that counsel's performance was deficient or that the deficient performance prejudiced him, is squarely foreclosed by that decision.

**V.      Denial of certificate of appealability**

7

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Washington has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

## VI. Conclusion

For the above reasons, Defendant's motion to vacate or correct sentence (ECF No. 242) is DENIED. No certificate of appealability will issue.

SO ORDERED on May 22, 2024.

                 s/ *Holly A. Brady*
                 CHIEF JUDGE HOLLY A. BRADY
                 UNITED STATES DISTRICT COURT